**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Justin Luckoff,<br><br>*Plaintiff,*<br><br>v.<br><br>Experian Information Solutions, Inc., and Trans Union LLC,<br><br>*Defendants.* | Case No. 0:26-cv-03659 (DWF/ECW)<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Justin Luckoff's ("Plaintiff") Complaint as follows:

The unnumbered introductory paragraph does not set forth a claim for relief or aver facts in support of a claim to which an answer is required. Additionally, Plaintiff's inclusion of footnotes throughout the Complaint does not comply with Federal Rule of Civil Procedure 10(b), requiring that allegations be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." As such, no response is required for the footnotes from the Complaint. To the extent a response is required, each footnote is discussed in the relevant numbered paragraphs.

## I. INTRODUCTION

1. In response to Paragraph 1, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and denies them on that basis.

2. In response to Paragraph 2, Experian states that Congressional acts speak for themselves, and Experian denies the allegations of this Paragraph to the extent they are inconsistent with Congressional acts or intent. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

3. In response to Paragraph 3, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

4. In response to Paragraph 4, Experian denies the allegations, including footnote 1, concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis, including footnote 1.

5. In response to Paragraph 5, Experian admits that it prepares and sells consumer reports, as defined by 15 U.S.C. § 1681a(d) of the FCRA. Except as specifically admitted, Experian lacks knowledge or information sufficient to form a belief about the allegations of this Paragraph concerning Experian and denies them on that basis. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

6. In response to Paragraph 6, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

7. In response to Paragraph 7, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

8. In response to Paragraph 8, Experian lacks knowledge or information sufficient to form a belief about the allegations concerning Experian, and denies them on that basis. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

9. In response to Paragraph 9, Experian states that the FCRA is a statute that speaks for itself, and Experian denies the allegations of this Paragraph to the extent they are inconsistent with the FCRA. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

10. In response to Paragraph 10, Experian states that the FCRA is a statute that speaks for itself, and Experian denies the allegations of this Paragraph to the extent they are inconsistent with the FCRA. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

11. In response to Paragraph 11, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

12. In response to Paragraph 12, Experian states that it lacks knowledge or information sufficient to form a belief about the allegations concerning Experian and

denies them on that basis. Experian states that the FCRA is a statute that speaks for itself, and Experian denies the allegations of this Paragraph to the extent they are inconsistent with the FCRA. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

13. In response to Paragraph 13, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

14. In response to Paragraph 14, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

## II. STATEMENT OF JURISDICTION AND VENUE

15. In response to Paragraph 15, Experian admits that Plaintiff has alleged subject-matter jurisdiction pursuant to Minn. Stat. § 484.01 and the presumption of concurrent state court jurisdiction. Experian states that this is a legal conclusion which is not subject to denial or admission.

16. In response to Paragraph 16, Experian admits that Plaintiff has alleged jurisdiction pursuant to the FCRA. Experian states that this is a legal conclusion which is not subject to denial or admission.

17. In response to Paragraph 17, Experian admits that Plaintiff has alleged that venue is proper because the cause of action arose within the State of Minnesota and the County of Hennepin. Experian states that this is a legal conclusion which is not subject to denial or admission.

18. In response to Paragraph 18, Experian states that it lacks knowledge or information sufficient to form a belief about the allegations concerning Experian and denies them on that basis. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

19. In response to Paragraph 19, Experian admits that Plaintiff has alleged timelines for bringing an action under the FCRA. Experian states that this is a legal conclusion which is not subject to denial or admission. Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

## III. PARTIES

20. In response to Paragraph 20, Experian admits, on information and belief, that Plaintiff is a "consumer," as defined by 15 U.S.C. § 1681a(c). Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

21. In response to Paragraph 21, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and denies them on that basis.

22. In response to Paragraph 22, Experian admits that it is an Ohio corporation, and that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Experian

further states that its registered agent in the State of Minnesota is C T Corporation System. Except as expressly admitted, Experian denies any remaining allegations in this Paragraph.

23. In response to Paragraph 23, Experian admits that it conducts business in the State of Minnesota. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

24. In response to Paragraph 24, Experian admits that it conducts business in the State of Minnesota. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

25. To the extent Paragraph 25 requires an answer, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and denies them on that basis.

26. In response to Paragraph 26, Experian admits it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

27. In response to Paragraph 27, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Experian states that the FCRA is a statute that speaks for itself and Experian denies the allegations of this Paragraph to the extent they are inconsistent with the FCRA. Experian also lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

28. In response to Paragraph 28, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

29. Experian admits, on information and belief, Plaintiff is a "consumer," as defined by 15 U.S.C. § 1681a(c). Experian states that the FCRA is a statute that speaks for itself, and Experian denies the allegations of this Paragraph to the extent they are inconsistent with the FCRA. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

30. In response to Paragraph 30, Experian states that the FCRA is a statute that speaks for itself, and Experian denies the allegations of this Paragraph to the extent they are inconsistent with the FCRA. Experian further states that Plaintiff purports to set forth caselaw, which speaks for itself and is not binding on this Court. Experian denies the allegations to the extent they are inconsistent with the cited caselaw. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

31. In response to Paragraph 31, Experian states that the FCRA is a statute that speaks for itself, and Experian denies the allegations of this Paragraph to the extent they are inconsistent with the FCRA. Experian lacks knowledge or information sufficient to

form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

32. In response to Paragraph 32, Experian states that the FCRA is a statute that speaks for itself, and Experian denies the allegations of this Paragraph to the extent they are inconsistent with the FCRA. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

33. In response to Paragraph 33, Experian states that the FCRA is a statute that speaks for itself, and Experian denies the allegations of this Paragraph to the extent they are inconsistent with the FCRA. Experian further states that Plaintiff purports to set forth caselaw, which speaks for itself and is not binding on this Court. Experian denies the allegations to the extent they are inconsistent with the cited caselaw. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

34. In response to Paragraph 34, Experian admits that Plaintiff purports to set forth caselaw, which speaks for itself and is not binding on this Court. Experian denies the allegations to the extent they are inconsistent with the cited caselaw. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

35. In response to Paragraph 35, Experian states that the FCRA is a statute that speaks for itself, and Experian denies the allegations of this Paragraph that are inconsistent with the FCRA. Experian further states that Plaintiff purports to set forth caselaw, which

speaks for itself and is not binding on this Court. Experian denies the allegations to the extent they are inconsistent with the cited caselaw. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

36. In response to Paragraph 36, Experian admits that Plaintiff purports to set forth caselaw, which speaks for itself and is not binding on this Court. Experian denies the allegations to the extent they are inconsistent with the cited caselaw. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

## IV. SPECIFIC FACTUAL ALLEGATIONS

37. In response to Paragraph 37, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

38. In response to Paragraph 38, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

39. In response to Paragraph 39, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

40. In response to Paragraph 40, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

41. In response to Paragraph 41, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Experian and denies them on that basis. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations in this Paragraph and denies them on that basis.

42. In response to Paragraph 42, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations in this Paragraph and denies them on that basis.

43. In response to Paragraph 43, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Experian and denies them on that basis. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations in this Paragraph and denies them on that basis.

44. In response to Paragraph 44, Experian denies the allegations concerning Experian, including all subparts. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis, including all subparts.

45. In response to Paragraph 45, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph, including all subparts, and denies them on that basis.

46. In response to Paragraph 46, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

47. In response to Paragraph 47, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

48. In response to Paragraph 48, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

49. In response to Paragraph 49, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

50. In response to Paragraph 50, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

51. In response to Paragraph 51, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

52. In response to Paragraph 52, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

53. In response to Paragraph 53, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

54. In response to Paragraph 54, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

55. In response to Paragraph 55, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

56. In response to Paragraph 56, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

57. In response to Paragraph 57, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

58. In response to Paragraph 58, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

59. In response to Paragraph 59, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Experian and denies them on that basis.

60. In response to Paragraph 60, Experian states that the FCRA is a statute that speaks for itself, and Experian denies the allegations of this Paragraph that are inconsistent with the FCRA. Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

61. In response to Paragraph 61, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

62. In response to Paragraph 62, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Experian and denies them on that basis.

63. In response to Paragraph 63, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

64. In response to Paragraph 64, Experian denies the allegations concerning Experian and further denies any “inaction” or “refusal to abide by [its] statutory duties.” Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

65. In response to Paragraph 65, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

66. In response to Paragraph 66, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph and denies them on that basis.

67. In response to Paragraph 67, Experian admits that consumer disputes sent to Experian may be processed by customer care support associates, including those in Chile and Costa Rica, who are employees of Experian Services Chile, S.A. or Experian Services Costa Rica, S.A. In response to footnote 2, Experian denies the allegations concerning Experian.

68. In response to Paragraph 68, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

69. In response to Paragraph 69, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

70. In response to Paragraph 70, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

71. In response to Paragraph 71, Experian admits that consumers may make disputes through its online website and admits that it communicates disputes of information

to data furnishers through the e-Oscar system, which sends an Automated Consumer Dispute Verification ("ACDV") form to the data furnisher. Except as specifically admitted, Experian denies the allegations of this Paragraph concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

72. In response to Paragraph 72, Experian states that the allegations are so vague and ambiguous that Experian cannot meaningfully respond. Experian therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

73. In response to Paragraph 73, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

74. In response to Paragraph 74, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

75. In response to Paragraph 75, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

76. In response to Paragraph 76, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

77. In response to Paragraph 77, Experian denies the allegations concerning Experian, including all subparts. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis, including all subparts.

78. In response to Paragraph 78, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

79. In response to Paragraph 79, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

80. In response to Paragraph 80, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

81. In response to Paragraph 81, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

82. In response to Paragraph 82, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

83. In response to Paragraph 83, Experian states that the FCRA is a statute that speaks for itself, and Experian denies the allegations of this Paragraph to the extent they are inconsistent with the FCRA. Experian further states that Plaintiff purports to set forth

caselaw, which speaks for itself, and denies the allegations to the extent they are inconsistent with the cited caselaw. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

84. In response to Paragraph 84, Experian states that the FCRA is a statute that speaks for itself, and Experian denies the allegations of this Paragraph to the extent they are inconsistent with the FCRA. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

85. In response to Paragraph 85, Experian admits that its counsel access PACER as part of their representation of the company. The remaining allegations of this Paragraph are so vague and ambiguous that Experian cannot meaningfully respond. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

86. In response to Paragraph 86, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

87. In response to Paragraph 87, Experian admits that it has received consumer complaints from the CFPB. The remaining allegations of this Paragraph are so vague and ambiguous that Experian cannot meaningfully respond. Experian therefore lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this Paragraph and denies them on that basis.

88. In response to Paragraph 88, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

89. In response to Paragraph 89, Experian admits that it has received consumer complaints from the CFPB. The remaining allegations of this Paragraph are so vague and ambiguous that Experian cannot meaningfully respond. Experian therefore lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this Paragraph and denies them on that basis.

90. In response to Paragraph 90, Experian states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

91. In response to Paragraph 91, Experian admits that it has been sued in federal court by plaintiffs alleging FCRA violations. The remaining allegations of this Paragraph are so vague and ambiguous that Experian cannot meaningfully respond. Experian therefore lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this Paragraph and denies them on that basis.

92. In response to Paragraph 92, Experian admits that it has been sued in federal court by plaintiffs alleging violations of the FCRA. The remaining allegations of this Paragraph are so vague and ambiguous that Experian cannot meaningfully respond. Experian therefore lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this Paragraph and denies them on that basis.

93. In response to Paragraph 93, Experian admits that Plaintiff purports to set forth caselaw, which speaks for itself and is not binding on this Court. Experian denies the allegations to the extent they are inconsistent with the cited caselaw. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

94. In response to Paragraph 94, Experian admits that Plaintiff purports to set forth caselaw, which speaks for itself and is not binding on this Court. Experian denies the allegations to the extent they are inconsistent with the cited caselaw. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

95. In response to Paragraph 95, Experian denies that it violated the FCRA. Experian states that Plaintiff's generalized description of "repeat[] critici[sm] by Federal and state regulators, and consumer groups," presents an allegation so vague that Experian is without knowledge or information sufficient to form a belief about its truth. Experian therefore lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this Paragraph and denies them on that basis.

96. In response to Paragraph 96, Experian admits that Plaintiff purports to characterize an AG "Settlement" or "consent order," which speaks for itself as to its terms, legal assumptions, and legal effect. Experian denies any allegations inconsistent therewith. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis, including footnote 3.

97. In response to Paragraph 97, Experian admits that Plaintiff purports to characterize an AG "Settlement," which speaks for itself as to its terms, legal assumptions, and legal effect. Experian denies any allegations inconsistent therewith. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

98. In response to Paragraph 98, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

99. In response to Paragraph 99, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

100. In response to Paragraph 100, Experian admits that it uses the e-Oscar system and that Plaintiff purports to characterize a "CFPB analysis," which speak for itself. Experian denies any allegations inconsistent therewith. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

101. In response to Paragraph 101, Experian states that the allegations are so vague and ambiguous that Experian cannot meaningfully respond. Experian therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and denies them on that basis.

102. In response to Paragraph 102, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

## V. CLAIMS

### FIRST COUNT
### Willful Noncompliance with the FCRA – 15 U.S.C. § 1681n
### (Against All Defendants)

103. In response to Paragraph 103, Experian restates its responses to the preceding paragraphs of this Complaint as though fully set forth herein.

104. In response to Paragraph 104, Experian denies the allegations concerning Experian, including all subparts. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis, including all subparts.

105. In response to Paragraph 105, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis, including all subparts.

106. In response to Paragraph 106, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

**SECOND COUNT**
**Negligent Noncompliance with the FCRA – 15 U.S.C. § 1681o**
**(Against All Defendants – Pleaded in the Alternative)**

107. In response to Paragraph 107, Experian restates its responses to the preceding paragraphs of this Complaint as though fully set forth herein.

108. In response to Paragraph 108, Experian denies the allegations concerning Experian, including all subparts. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis, including all subparts.

109. In response to Paragraph 109, Experian denies the allegations concerning Experian. Experian lacks knowledge or information sufficient to form a belief about the truth of any other allegations of this Paragraph and denies them on that basis.

## VI. JURY DEMAND

Experian admits that Plaintiff has demanded a trial by jury on all issues triable.

## VII. PRAYER FOR RELIEF

Experian denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief or any relief whatsoever against Experian.

## DEFENDANT EXPERIAN'S AFFIRMATIVE DEFENSES

By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor does Experian admit that Plaintiff is relieved of the burden to prove each and every element of the claims and damages, if any, to which Plaintiff is entitled. As for Experian's affirmative defenses, Experian reasserts and reincorporates as if fully set forth

herein its responses above to the numbered paragraphs of the Complaint, and to the unnumbered paragraphs contained therein.

**i.**

**(FAILURE TO STATE A CLAIM)**

The Complaint herein, and the cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

**ii.**

**(TRUTH/ACCURACY OF INFORMATION)**

The claim against Experian is barred because all information Experian communicated to any third person regarding Plaintiff was true.

**iii.**

**(FAILURE TO MITIGATE DAMAGES)**

Plaintiff cannot recover for any of the claims because Plaintiff failed to mitigate Plaintiff's damages.

**iv.**

**(LACHES)**

The Complaint and each claim for relief therein are barred by laches.

**v.**

**(CONTRIBUTORY/COMPARATIVE FAULT)**

Experian is informed and believes and therefore alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by Plaintiff's actions and resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Experian.

**vi.**

**(ESTOPPEL)**

Any damages that Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the Plaintiff's conduct. Therefore, Plaintiff is estopped and barred from recovery of any damages.

**vii.**

**(UNCLEAN HANDS)**

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

**viii.**

**(REASONABLE PROCEDURES)**

At all times relevant to the Complaint, Experian followed reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports.

**ix.**

**(IMPROPER VENUE)**

The venue of this action may be improper if this action is not brought in the district where either the plaintiff or the defendant resides and no acts giving rise to this action occurred within this district.

**x.**

**(LACK OF PERSONAL JURISDICTION)**

This Court may not have personal jurisdiction over Defendant as the allegations of the Complaint are too insufficient to make a determination.

**xi.**

**(INTERVENING CAUSES)**

Plaintiff's alleged injuries were not caused by Experian, but by independent intervening causes that had no relation in fact to any conduct of Experian.

**xii.**

**(CONSTITUTIONALITY OF PUNITIVE DAMAGES)**

Plaintiff's claim for punitive damages are barred (a) by the Eighth Amendment of the United States Constitution, (b) by the Fifth and Fourteenth Amendments of the United States Constitution prohibiting substantive and procedural due process violations, (c) by the Fourteenth Amendment of the United States Constitution prohibiting equal protection violations, and (d) to the extent such sanctions are attempted to be imposed without requiring the burden of proof to be beyond a reasonable doubt and also in accordance with the protections of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the

Constitution. Experian adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the Supreme Court in cases including *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 923 (2001); *Phillip Morris USA v. Williams*, 549 U.S. 346 (2007); and *State Farm v. Campbell*, 538 U.S. 408 (2003).

**xiii.**

**(ARBITRATION)**

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian. Experian intends to enforce its right to arbitrate this dispute. Specifically, Experian reserves, and does not waive, the right to compel arbitration of any claims asserted by Plaintiff.

**xiv.**

**(PURPORTED INACCURACY TURNS ON A LEGAL DISPUTE)**

All claims against Experian are barred because Plaintiff alleges a legal dispute with other entities, not factually inaccurate reporting. Experian cannot be held liable for declining to try to predict how a court would resolve Plaintiff's legal dispute, or for declining to adjudicate those legal issues itself.

**xv.**

**(FAILURE TO JOIN A NECESSARY PARTY)**

Plaintiff failed to join an indispensable party.

**xvi.**

**(STATUTE OF LIMITATIONS)**

Experian is informed and believes and thereon alleges that claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

**xvii.**

**(RIGHT TO ASSERT ADDITIONAL DEFENSES)**

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

1. That Plaintiff takes nothing by virtue of the Complaint here and that this action be dismissed in its entirety;
2. For costs of suit and attorneys' fees herein incurred; and
3. For such other and further relief as the Court may deem just and proper.

Dated: September 24, 2026

*s/Gregory J. Myers*
Gregory J. Myers (MN #0287398)
Nash B. Edgerton Hall (MN #0402017)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Ave S, Suite 2200
Minneapolis, MN 55401
Phone: (612) 339-6900
gjmyers@locklaw.com
nbedgertonhall@locklaw.com

*Counsel for Defendant Experian Information Solutions, Inc.*