**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Justin Luckoff,

Plaintiff,

v.

Experian Information Solutions, Inc. and Trans Union LLC,

Defendants.

Case No. 0:26-cv-03659 (DWF/ECW)

**RULE 26(f) REPORT**

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on October 26, 2026, and prepared the following report.

The initial pretrial conference in this matter is scheduled for November 9, 2026, before United States Magistrate Judge Elizabeth Cowan Wright, by audio-only Zoom for Government.

**DESCRIPTION OF CASE**

1. Concise factual summary of Plaintiff's claims;

Plaintiff alleges that Defendants, two national consumer reporting agencies, negligently mixed Plaintiff's file with that of another consumer with a materially inferior credit profile, resulting in Plaintiff being denied material economic benefits- namely a home mortgage. Defendants reported that false information to third parties numerous third parties including First Class Mortgage Inc. (Occurring on or about February 6, 2025). Dkt. 1-2 ¶¶ 8, 38–52. Plaintiff disputed in writing to each Defendant in June 2026. Id. ¶¶ 55–58. According to the reinvestigation results each Defendant issued in July 2026 (after the Complaint was drafted), Experian deleted several of the disputed accounts but left other disputed accounts, and addresses at which Plaintiff has never lived, on his file, and Trans Union verified as accurate the Discover account that Plaintiff alleges is not his; Plaintiff anticipates amending to plead those results (see Pleadings, item 6 below). Plaintiff asserts willful noncompliance with the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681n, and, in the alternative, negligent

noncompliance, 15 U.S.C. § 1681o, against each Defendant, each predicated on failure to follow reasonable procedures to assure maximum possible accuracy, 15 U.S.C. § 1681e(b), and failure to conduct a reasonable reinvestigation, 15 U.S.C. § 1681i(a)(1), (a)(4), (a)(5)(A). Dkt. 1-2 ¶¶ 103–109. He seeks actual damages (lost credit opportunity, economic loss from the mortgage outcome, and emotional distress), statutory and punitive damages under § 1681n, and attorney's fees and costs. Dkt. 1-2 at 28.

2. Concise factual summary of Defendant's claims/defenses;

Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. 1681a(f). Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reports on consumers.

Experian's reasonable procedures were followed at all times with respect to Plaintiff's credit files. Experian acted in good faith and without malice or intent to injure Plaintiff and did not act willfully or negligently. Experian denies Plaintiff's claims and denies that it has violated the FCRA, denies it is liable to Plaintiff, and denies that Plaintiff is entitled to any of the relief sought in the Complaint.

Defendant Trans Union, LLC ("Trans Union") asserts that it is a consumer reporting agency, as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

3. Statement of jurisdiction (including statutory citations);

The Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the FCRA, 15 U.S.C. § 1681 et seq. See 15 U.S.C. § 1681p; Dkt. 1 ¶¶ 3–4. Trans Union removed the action under 28 U.S.C. §§ 1441 and 1446, with Experian's consent. Dkt. 1 ¶¶ 5–6; Dkt. 1-4. This action was removed to this District from Hennepin County District

Court. Dkt. 1. Experian's Answer pleads improper venue and lack of personal jurisdiction as affirmative defenses (Dkt. 11 at 25, defenses ix–x); Plaintiff disputes both.

4. Summary of factual stipulations or agreements;

None yet. Plaintiff proposes that the parties stipulate to the authenticity of (a) each Defendant's consumer disclosures and dispute-results letters sent to Plaintiff and (b) the February 6, 2025 merged credit report obtained by First Class Mortgage Inc. Defendants need time to investigate this matter and, at this time, neither have enough information nor can conclude which exact records Plaintiff has identified and, therefore, decline to so stipulate.

5. Statement of whether jury trial has been timely demanded by any party;

Yes. Plaintiff demanded a jury trial on all issues so triable in the Complaint. Dkt. 1-2 at 28 (Section VI). Experian admits the demand was made. Dkt. 11 at 22. Trans Union: Plaintiff has requested a jury trial.

6. Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action;

All parties have been served, and both Defendants have answered. Dkt. 6; Dkt. 11. Plaintiff anticipates moving to amend the Complaint to conform it to the reinvestigation results both Defendants issued in July 2026, after the Complaint was drafted, and to correct a registered-agent address recited in the Complaint. Plaintiff proposes February 1, 2027 as the deadline to move to amend the pleadings or add parties. Trans Union objects to the amendment of the complaint after December 11, 2026.

7. If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured; and

Plaintiff: none applicable.

Defendant Experian: Based on Experian's present insurance and applicable deductibles, no insurance carrier would be liable to satisfy part or all of any likely judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy any likely judgment.

[Trans Union to state.] Defendant Trans Union: Based on Plaintiff's claims, it appears that any judgment against Trans Union would be subject to Trans Union's self-insured retention category.

8. If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.

The parties do not propose resolution under the Rules of Procedure for Expedited Trials.

## DISCOVERY

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F) and design a discovery plan that is appropriate and proportionate to the case. The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan.

The details of the discovery plan should be set forth in this Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the parties cannot reach agreement on any particular item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

## FACT DISCOVERY

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before **November 30, 2026**.

2. Fact discovery procedures shall be commenced in time to be completed on or before **June 1, 2027**.

3. The parties **do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others. (If so, describe.)

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

a) No more than a total of **25** interrogatories, counted in accordance with Rule 33(a), shall be served by each party.[1]

b) No more than **30** document requests shall be served by each party. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

c) No more than **25** requests for admissions shall be served by each party.

5. No more than **0** Rule 35 Medical Examinations shall be taken by Defendant and completed by **N/A**. Defendant Trans Union concurs.

Plaintiff does not consent to a Rule 35 examination. Defendant Trans Union does not intend to require a Rule 35 medical examination but reserves its rights.

6. No more than **8** depositions, excluding expert witness depositions, shall be taken by either party.

7. Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

The parties have reached the following additional agreements concerning the taking of depositions: a) depositions may be taken remotely by videoconference on notice; and (b) a Rule 30(b)(6) notice must be served at least 21 days before the deposition and must list the topics.

8. The parties have agreed upon the following additional limitations on discovery procedures: **None at this time**.

9. <u>Other discovery issues</u>.

a) Discovery of Electronically Stored Information. The parties have

---

[1] The parties shall discuss and include in this section whether the proposed limitations should be per side or per party, along with definitions of those terms if needed. They shall also discuss and include whether any of the limitations should refer to the number of requests served *by* a particular party or side or *on* a particular party or side.

discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order: The parties agree to produce electronically stored information in hard copy or PDF format as an initial matter. Once the parties have had the opportunity to review such documents, the parties agree to confer regarding any additional exchange or production that the parties believe is necessary.

b) Claims of Privilege or Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and **do** request the Court to include the following agreement in the scheduling order or as part of a protective order:

> The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

If the parties do not agree to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information that is produced in discovery and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here: None.

## EXPERT DISCOVERY

(In class action cases, indicate separately whether pre-class certification experts will be needed and provide the following information for disclosure as to such experts as well.)

The parties anticipate that they **will** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1. Plaintiff anticipates calling up to 2 experts. Defendant anticipates calling up to [Defendants to state] experts. Each side may take one deposition per

expert.

Plaintiff anticipates experts on (a) consumer-reporting-industry procedures, including mixed-file matching, and (b) economic damages from the mortgage outcome. At this time, Trans Union does not anticipate calling an expert witness, however, Trans Union reserves the right to call an expert witness for purposes of rebuttal.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   a) Identities by Plaintiff[2] on or before **April 1, 2027**.
      Disclosures by Plaintiff on or before **May 3, 2027**.

   b) Identities by Defendant on or before **May 3, 2027**.
      Disclosures by Defendant on or before **June 1, 2027**.

   c) Rebuttal identities and disclosures on or before **July 1, 2027**.

      Footnote 2 response [Plaintiff's position]: Plaintiff bears the burden of proof on liability and damages, and Defendants bear it on their affirmative defenses. Because those burdens track the Plaintiff/Defendant alignment, the deadlines are identified by party as the form provides. Trans Union states that the disclosing party deadlines, regardless of burden, should apply.

3. Expert discovery, including depositions, shall be completed by **August 2, 2027**.

**<u>NON-DISPOSITIVE MOTION DEADLINES</u>**

The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 4 below, all motions that seek to amend the

[2] The parties should indicate whether, given the issues in the case, it would be more meaningful to identify the deadlines for the disclosing party by who bears the burden of proof on an issue rather than by plaintiff or defendant.

pleadings or to add parties must be filed and served on or before **February 1, 2027**. Trans Union proposes December 11, 2026.

2. All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before **N/A**.

   Not applicable. Punitive damages are pleaded in the Complaint under 15 U.S.C. § 1681n(a)(2). Dkt. 1-2 at 28.

3. Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before **June 15, 2027**.

4. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before **August 16, 2027**.

**PROTECTIVE ORDER**

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. [**NOTE:** The Court has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court (***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf*** or ***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.docx***).] No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are also reminded that their Stipulation for Protective Order must be filed on CM/ECF and a Word version of the document must be e-mailed to the chambers e-mail box.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

[Plaintiff's position; Defendants to state theirs] Plaintiff anticipates that Defendants will request a protective order for consumer data and proprietary procedures. Plaintiff will stipulate to the Court's form protective order but opposes an attorneys'-

eyes-only tier absent a particularized showing. Defendant Trans Union intends to request a protective order to include an Attorneys Eyes Only and Artificial Intelligence provisions to protect its confidential, proprietary, and/or trade secret information due to co-Defendant Experian being a party to the case.

**DISPOSITIVE MOTION DEADLINES**

The parties **do not** believe that expert discovery must be completed before dispositive motions are filed. The parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned) on or before **September 1, 2027**.

Judge Frank's practice pointers measure the dispositive-motion deadline by "served and filed" and call for a trial-ready date 150 days after it. The proposed trial-ready date of February 1, 2028 is 153 days after the proposed September 1, 2027 deadline.

**SETTLEMENT**

1. The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must discuss whether they believe the case is appropriate for a private mediation or a settlement conference before the Court and when they believe the private mediation or settlement conference would be productive. They should discuss whether setting status conferences or deadlines for joint email updates regarding settlement would facilitate settlement and what discovery is needed for a productive private mediation or settlement conference.

   The results of that discussion, including any proposals or recommendations, are as follows: Plaintiff has served a written settlement demand on each Defendant and awaits each Defendant's written response. Plaintiff believes a settlement conference before the Court would be productive after initial disclosures and after each Defendant produces its complete consumer file and dispute records for Plaintiff, and proposes that it be held in or about February 2027. Each party will submit its confidential settlement letter under paragraph 2 and Dkt. 12. Trans Union concurs.

2. Each party will email to Magistrate Judge Wright's chambers, no later than **one (1) week before** the pretrial conference, a confidential letter of no more than three (3) pages encompassing the matters discussed in paragraph 1 of this section. The letter may include any additional information the party

thinks would be helpful in planning or furthering settlement efforts. This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Wright for ruling.

3. The Court will discuss this topic with the parties at the pretrial conference and set dates for status conferences, joint email updates, or a private mediation or settlement conference as appropriate.

**TRIAL**

1. Trial by Magistrate Judge:

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.) Please note that if the parties consent to magistrate judge jurisdiction, all proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2. The parties agree that this case will be ready for trial on **February 1, 2028**. The anticipated length of the **jury** trial is **3** days.

DATE: November 2, 2026

s/ David J.S. Madgett
MN Bar No. 390494
Madgett Law, LLC
IDS Center Suite 1650
80 South 8th Street
Minneapolis, MN 55402
612-470-6529
dmadgett@madgettlaw.com
Attorney for Plaintiff Justin Luckoff

DATE: November 2, 2026

s/ Gregory J. Myers
(License # 0287398)
Nash B. Edgerton Hall (License # 0402017)
Lockridge Grindal Nauen PLLP
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

612-339-6900
gjmyers@locklaw.com
nbedgertonhall@locklaw.com
Attorneys for Defendant Experian
Information Solutions, Inc.

DATE: November 2, 2026

s/ Julia F. Frandsen-DeLoach
(admitted pro hac vice)
Quilling, Selander, Lownds, Winslett &
Moser, P.C.
10333 N Meridian St, Ste 200
Indianapolis, IN 46290
317-497-5600 x618
julia.frandsendeloach@qslwm.com
s/ Bradley D. Fisher (License # 219356)
Amy M. Sieben (License # 326021)
Fisher Bren & Sheridan, LLP
920 Second Avenue South, Suite 975
Minneapolis, MN 55402
612-332-0100
bfisher@fisherbren.com
asieben@fisherbren.com
Attorneys for Defendant Trans Union,
LLC